UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID GALBRAITH                                    CIVIL ACTION

VERSUS                                             NO. 13-449-JWD-RLB

CONSTRUCTION TECHNICAL
SERVICES, INC., ET AL

**ORDER**

Before the Court is a "Motion to Have Requests for Admissions Deemed Admitted" filed on September 25, 2014, by Defendant Chevron U.S.A. Inc. ("Chevron") (R. Doc. 74). Chevron represents that it served certain requests for admission on plaintiff on August 19, 2014 and that plaintiff failed to answer those requests.

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinion about either; and (B) the genuineness of any described documents." There is no need for a party to move to compel responses to requests for admission because an opponent's failure to file a timely response thereto results in the matters addressed therein being deemed admitted as a matter of law. In this regard, Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a matter addressed in a request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Rule 36(b) further provides that any matter admitted under that Rule is deemed to be conclusively established. Courts have found that this conclusive effect applies equally to admissions that are established by default when a party has failed to respond or has provided an

untimely response. *See American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Rule 36 has also been found to be self-executing, and there is no need for the Court to enter a Ruling when a party has failed to provide a timely response to a request for admission. *See Landry v. LaFourche Parish Detention Center,* 2014 WL 198160 (E.D. La. Jan. 16, 2014) (denying a motion to deem requests admitted by default because, "under operation of law, the requested matters are deemed admitted and conclusively established without involvement of the Court"); *Segraves v. City of Zachary,* 2009 WL 3764014 (M.D. La. Nov. 9, 2009) (same); *Woods v. State,* 2009 WL 1406993 (M.D. La. May 19, 2009) (same).

The court also notes that there appears to be an issue as to whether the Rule 36 Requests for Admissions were timely. The deadline for filing all discovery motions and "**completing** all discovery except experts" was August 20, 2014. (R. Doc. 36) (emphasis in original). This was not the deadline for initiating fact discovery. *See Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery"). As stated above, the Federal Rules of Civil Procedure allow a party 30 days from service to respond to requests for admission. Fed. R. Civ. P. 36(a)(3). And so, "requests must be served at least thirty days prior to the completion of discovery" to be considered timely. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (finding that "in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff")); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (Noland, Mag. J.) (document requests were untimely as the date for responding "would have

fallen outside the [January 15] discovery deadline (i.e., thirty days from service of the Rule 34 request, or January 23, 2008)"). The Requests for Admission were served on August 19, 2014. Because the deadline to complete discovery was August 20, 2014, and there has been no request to extend that deadline, the Requests for Admission were untimely.

Accordingly, inasmuch as matters addressed in properly served Requests for Admissions are deemed admitted by operation of law and no order is required, and since it also appears that the Requests for Admissions were untimely,

**IT IS ORDERED** that the Motion to Have Requests for Admissions Deemed Admitted (R. Doc. 74) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on October 9, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**