UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID M. GALBRAITH | CIVIL ACTION |
| VERSUS | |
| CONSTRUCTION TECHNICAL SERVICES, INC., CHEVRON U.S.A, INC., ABC INSURANCE COMPANY, DEF INSURANCE CO., CENTURY TECHNICAL SERVICES, L.L.C. AND GHI INSURANCE CO. | NO. 13-00449-SDD-RLB |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant, Chevron U.S.A. Inc.'s, *Motion for Summary Judgment*.[1] Plaintiff, David M. Galbraith, has filed an *Opposition*[2] to which Chevron has filed a *Reply*.[3] For the following reasons, Chevron's *Motion* shall be granted.

### I.  BACKGROUND

This matter arises out of injuries allegedly sustained by the Plaintiff, David M. Galbraith (Galbraith), while working for Waveland Services, Inc. (Waveland) as a sandblaster and painter on Chevron's spar production platform, the GENESIS. Specifically, Galbraith contends that, on July 7, 2010, he injured his ankle when he stepped on a containment ring on deck of the spar, while working

---
[1] Rec. Doc. 41.
[2] Rec. Doc. 72.
[3] Rec. Doc. 73.

DM No. 25263        1

in inclement weather. At the time of the accident, Waveland was performing sandblasting and painting work for Chevron pursuant to a "Master Contractor Services Contract for Use in Offshore Areas of the United States" between Chevron and Waveland Services, Inc.[4] The terms of the contract expressly delineated Waveland as an independent contractor with "complete control, supervision and direction over its equipment and personnel and over the manner and method of the performance" of the sandblasting and painting operations on the GENESIS.[5] In spite of the express contractual language, Galbraith filed suit against Chevron asserting negligence claims,[6] including failure to train, failure to supervise, and for requiring Galbraith to work in inclement weather.[7] Galbraith also contends that Chevron's platform was unsafe and, therefore, Chevron is liable for his injuries based on the theory of custodial liability set forth in La. C.C. art. 2317.1.

## II.  APPLICABLE LAW

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[4] Rec. Doc. 41-2.
[5] Rec. Doc. 41-2, p. 40, §15.4.
[6] The Court assumes that Plaintiff brings his negligence claims pursuant to La. C.C. art. 2315.
[7] In his Petition for Damages Galbraith specifically asserted negligence claims against Chevron for the following: failure to provide a safe place to work; failure to properly plan the work; requiring work be performed in unsafe conditions, including adverse weather conditions; failure to provide an adequate crew and to properly train crew; failure to train and supervise its employees, agents, and representatives; failure to follow applicable safety guidelines and regulations. Rec. Doc. 1-1, p. 2, X.

as a matter of law."[8] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[9] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[10] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[11] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[12]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[13] All reasonable factual inferences must be resolved in favor of the nonmoving party.[14] Nevertheless, "[t]he Court has no duty to search the record for material fact

---

[8] Fed.R.Civ.P. 56(a)(West 2014).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).
[10] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 323-25, 106 S.Ct. at 2552).
[11] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).
[12] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal citations omitted)).
[13] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). See also, *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 ("If a rational trier could not find for the nonmoving party based on the evidence presented, there is no genuine issue for trial.").
[14] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[15] "Conclusory allegations unsupported by specific facts, however, will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[16] Ultimately "[t]he substantive law dictates which facts are material."[17]

### B. OCSLA

It is undisputed that Chevron's spar was attached to the seabed of the Gulf of Mexico on the Outer Continental Shelf off the Louisiana coast at the time of the incident. Therefore, the Court has federal jurisdiction based on the Outer Continental Shelf Land Act, 43 U.S.C. § 1331, *et seq.*[18] Pursuant to OCSLA, the law of the adjacent state applies unless the principles of the applicable state law conflict with any federal law.[19] Finding no such conflict, the Court applies Louisiana law to this dispute.

---

[15] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[16] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[17] *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001).
[18] 43 U.S.C. § 1333(a)(1) (OCSLA provides that federal jurisdiction extends to "the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devises permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom,….).
[19] 43 U.S.C. § 1333(a)(2)(A).

## III. ANALYSIS

### A. Negligence Claims

Chevron contends that Galbraith cannot satisfy his burden of producing evidence to create a genuine issue of material fact to survive summary judgment on his negligence claims. The Court agrees.

#### 1. Independent Contractor

The undisputed evidence shows that Chevron and Waveland were parties to an Agreement, which expressly defined Waveland as an independent contractor, who was solely responsible for its equipment, personnel, and services offered. It is a well-established rule under Louisiana law that a principal cannot be held liable for the negligent acts of its independent contractor in the course of performing a contract.[20] Galbraith does not attempt to dispute Chevron's contention either with law or evidence.[21] Accordingly, the Court finds that, based on the relevant law and undisputed evidence, there is no genuine issue of material fact as to Galbraith's negligence claims, and they shall be dismissed.

#### *2. Chevron's Negligence as Spar Owner*

Galbraith contends that, as the owner of the spar, Chevron owed a separate duty to stop the work being performed on the spar and to evacuate the

---

[20] *Iglesias v. Chevron U.S.A. Inc.*, 656 F.Supp.2d 598, 601 (E.D.La. 2009)(citing *Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994); *Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987).

[21] The Court is aware of the fact that there are two exceptions to the general rule against holding a principle liable for the negligent acts of his independent contractor, but neither is applicable here considering Plaintiff's failure to offer evidence to contravene Chevron's position that the general rule applies. *Id.* In his Opposition, Plaintiff states that he "does not dispute that his attempts to hold Chevron liable under the theory of independent contractor negligence … are unsupported by the record at this time." Rec. Doc. 86-7, p. 2.

premises on July 7, 2010 due to unsafe weather conditions. However, contrary to Galbraith's position, Louisiana law imposes no duty upon a principal to intervene or interject itself to stop the unsafe activities of its independent contractor, even if the principal's intervention could have prevented an accident.[22] Moreover, a platform owner's duty "to ensure the safety of the premises is implicated only when the owner creates the hazardous condition at issue." The Court finds that there is simply no evidence in the record that could lead a reasonable trier of fact to conclude that Chevron created the alleged unsafe condition (i.e., weather) or exercised any control over Waveland's decision to continue working in inclement weather. Accordingly, Plaintiff's negligence claim against Chevron as the spar owner shall be dismissed because Chevron had no legal duty to intervene and direct the Waveland crew to either cease sandblasting and painting the spar, or to evacuate the spar due to inclement weather.

### B.    Custodial Liability, La. C.C. art. 2317.1

Chevron contends that Galbraith cannot satisfy his burden of producing evidence to create a genuine issue of material fact to survive summary judgment on his custodial liability claim. To prevail on a custodial liability claim, a plaintiff must prove four things: "(1) the object was in the defendant's custody; 2) the [object] contained a vice or defect which presented an unreasonable risk of harm

---

[22] *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 551 (5th Cir. 1987)(citing *Kent v. Gulf States Utils. Co.*, 418 So.2d 493, 498 (La. 1982)).

to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect."[23] Chevron offers evidence showing that the Plaintiff had no criticisms of the spar's design or layout, much less any defective condition on the GENESIS.[24] The evidence relied upon by Chevron also demonstrates that the containment ring was open and obvious, which negates any claim that it was unreasonably dangerous.[25] Galbraith concedes Chevron's points and acknowledges that his claim is unsupported by the evidence in the record.[26] Accordingly, the Court finds there is no genuine issue of material fact as to Galbraith's custodial liability claim (La. C.C. 2317.1) and it shall be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Chevron's *Motion for Summary Judgment*[27] shall be GRANTED and Galbraith's claims shall be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on February 10, 2015.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] *Cormier v. Dolgencorp, Inc.*, 136 Fed.Appx. 627, at 627-28(5th Cir. 2005)(citing La. Civ. Code arts. 2317; 2317.1).
[24] Rec. Doc. 41-1, p. 15 (Plaintiff stated that the actual layout and physical condition of the GENESIS was "beautiful" and that "everything was fine" on the spar.).
[25] Rec. Doc. 41-4, p. 5. (Plaintiff testified working on the lower deck around the "riser pipe" for the entire seven days of his tenure, and that he agreed that the riser piper was an "open and obvious condition.").
[26] Rec. Doc. 86-7, p. 2. ("Plaintiff does not dispute that his attempts to hold Chevron liable under … Louisiana Civil Code Article 2317.1 are unsupported by the record at this time.").
[27] Rec. Doc. 41.